Criminal Complaint

# UNITED STATES DISTRICT COURT

_____DISTRICT OF MASSACHUSETTS_____

UNITED STATES OF AMERICA

V.

RYAN CARTER
a/k/a Noah Milloy,
a/k/a Mark James,
a/k/a Mark Jones,
a/k/a Mark Jacob
a/k/a Nigel Smart

**CRIMINAL COMPLAINT**

CASE NUMBER:
MAGISTRATE NUMBER: 04H-1007-JGD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about March 3, 2004, in Suffolk County, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

unlawfully, knowingly, and intentionally possessed with intent to distribute, marijuana, a schedule I controlled substance,

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a(n) Task Force Agent and that this complaint is based on the following facts:
Official Title

See Affidavit of Task Force Agent George J. Maclaughlin attached hereto and made a part hereof.

Continued on the attached sheet and made a part hereof:   X Yes   ☐ No

Signature of Complainant
George J. MacLaughlin
Task Force Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

March 3, 2004                    at    Boston, Massachusetts
Date                                   City and State

JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE          Signature of Judicial Officer
Name and Title of Judicial Officer

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
) Case Number:
) Magistrate Number: 04M-1007-JGD
)
RYAN CARTER, )
 a/k/a Noah Milloy )
 a/k/a Mark James, )
 a/k/a Mark Jones, )
 a/k/a Mark Jacob, )
 a/k/a Nigel Smart )
       Defendant. )

### AFFIDAVIT OF TASK FORCE AGENT GEORGE J. MacCLAUGHLIN

I, George MacLaughlin, being duly sworn, depose and state as follows:

**Agent Background and Purpose of Affidavit**

1. I am employed by the Milton Police Department. I have been so employed for the past 33 years. During the last eight years, I have been assigned to the United States Department Justice, Drug Enforcement Administration ("DEA") Task Force. Prior to joining the DEA, I was assigned to the Norfolk County District Attorney's Drug Task Force, beginning in 1988. During the course of my law enforcement career, I have received training from the Massachusetts Criminal Justice Training Council, as well as the DEA. I have participated in hundreds of criminal investigations involving drug trafficking, including but not limited to, the execution of arrest warrants and search warrants relating to the trafficking of controlled substances. I also

have participated in various aspects of investigatory work, including undercover surveillance, and have participated in hundreds of narcotics-related arrests.

2. I submit this Affidavit in support of a criminal complaint charging RYAN CARTER, a/k/a Noah Milloy, a/k/a Mark James, a/k/a Mark Jones, a/k/a Mark Jacob, a/k/a Nigel Smart ("CARTER") with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and in support of an application for a search warrant for the premises set forth below. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that on March 3, 2004, CARTER possessed marijuana with intent to distribute, and that there is presently concealed in the premises known and described as three wooden shipping crates each bearing an address label with GM Import Exports Corp., 315 East Redondo Beach, Blvd., Gardena, CA as shipper, and James O'Malley, 12 Brookview St., Dorchester, Massachusetts as recipient, currently located at the warehouse of Airport Express, 250 Lee Burbank Hwy, Revere, Massachusetts as more fully described below ("Target Premises"), the items described in Attachment A hereto, all of which constitute evidence, fruits, and instrumentalities of, inter alia, violations of Title 21, United States Code, Section 841(a)(1), which prohibits the possession of controlled substances with intent to distribute. The information set forth herein is based on my own personal knowledge and on information

herein is based on my own personal knowledge and on information provided to me by other law enforcement agents. As the purpose of this affidavit is only to establish probable cause for the complaint against CARTER and the search of the Target Premises, I have not set forth each and every fact known to me concerning the investigation.

**Facts and Circumstances**

3.   On or about March 2, 2004, members of the Boston Police Department Youth Violent Strike Force attempted to stop the occupants of a Mitsubishi sports utility vehicle that was traveling approximately 45 miles per hour in a 30 mile per hour zone in Dorchester, Massachusetts. The operator of the car in question refused to pull over, and led the officers on a high speed chase through a residential neighborhood. Eventually, the car was stopped, and the driver (after a foot chase) and sole passenger (who did not flee) were both arrested. Pursuant to the arrest, the officers discovered a loaded handgun on the floor of the rear passenger seat inside a black bag, and one freight crate in the rear cargo area. A narcotics dog alerted to the presence of narcotics inside the crate.

4.   The officers obtained a search warrant to inspect the contents of the crate, and upon opening the crate, discovered approximately 108 pounds (55 kilograms) of marijuana therein. On the exterior of the crate, the officers discovered a shipping

label. Further investigation of the label revealed that the crate in question was one of four packages that had been shipped from the same customer in Los Angeles, California to a shipping company named Airport Express, Inc. located at 250 Lee Burbank Hwy., in Revere, Massachusetts.[1] Based on this information, the local officers established surveillance at Airport Express, and contacted agents of Task Force One of the Drug Enforcement Administration ("DEA") to request assistance.

5. At approximately 7:45 this morning, law enforcement met with employees of Airport Express, and were shown the three crates addressed to James O'Malley, which were still inside the company's warehouse. An inspection of the crates revealed that each crate contained a shipping label listing "James O'Malley, 12 Brookview St., Dorchester, MA 02124, 617-304-5942 " as the intended recipient. Officers then waited to see who, if anyone, would come claim the crates. At approximately 8:00 a.m., CARTER, driving a 14' U-Haul truck, arrived at the premises of Airport

---

[1] The investigation showed that the four packages were sent in two different batches from the same customer account number: 18276790. One batch contained three crates and the other batch one crate. The invoice for the three crates listed the "shipper" as Robert Gaynor, 8126 W. Imperial Hwy, Lynwood, CA 90262, and the "consignee" as James O'Malley, 12 Brookview St., Dorchester, MA 02124. The shipping label on each crate showed GM Import Exports Corp., 315 East Redondo Beach Blvd., Gardena, CA 90248 as the shipper, and "James O'Malley, 12 Brookview St., Dorchester, MA 02124, 617-304-5942" as the intended recipient. The invoice for the single crate listed the "shipper" as Charles Augment, 15130 Indiana Ave., Paramount, CA 90723, and the "consignee" as Doreen Grant, 82 Fairmont Ave., Hyde Park, MA 02136.

-4-

Express. CARTER then came inside, signed for the three crates using the name "Mark James," and requested assistance in loading them onto the U-Haul.[2] At CARTER's direction, one of the employees of Airport Express lifted one of the three crates with a forklift and drove the forklift to the loading dock, to which CARTER had backed up the U-Haul truck, with the rear door open. Just before the crate was placed into the truck, law enforcement approached CARTER, who was standing next to the U-Haul truck, and took him into custody. A narcotics dog was brought to the scene, and the dog alerted to the presence of narcotics inside of all three crates. The crates were then secured and placed in a secure location at the warehouse, where they remain under surveillance by law enforcement agents.

6. After CARTER was taken into custody, he was read his rights under <u>Miranda</u>. CARTER stated that he understood these rights, and agreed to answer questions. Initially, CARTER lied about his identity, insisting that he was Noah Milloy, which is the name on the Massachusetts driver's license he had in his possession, and the identity he used to rent the U-Haul truck. CARTER also lied about the telephone number on the shipping labels (617-304-5942), which was identified as "work" in the

---

[2] Further investigation revealed that between August 2003 and February 2004, CARTER signed for seven other crates delivered to Airport Express using the names Mark James, Mark Jacob, Mark Jones. Copies of these receipts, along with a copy of the receipt signed today, are attached hereto as Exhibit 1.

phonebook of a Nextel cellular telephone that CARTER had in his possession, and which CARTER claimed was his personal cell phone. Initially, CARTER claimed that the number did not belong to anyone in particular, and that the target phone simply rang when dialed. After the dog alerted to the crates, CARTER admitted his true name, and stated that the telephone number on the shipping labels corresponded to a cellular telephone that he had stuffed in between the cushions of the rear seat of the police vehicle where CARTER had been seated earlier.

7. CARTER stated that he had been given the telephone by an Hispanic male named "Mr. O'Malley," the previous day (March 2, 2004) at Dudley Square in Roxbury. CARTER claimed that "Mr. O'Malley" instructed him to go pick up the crates from Airport Express, and to deliver them to him a the address on the labels. CARTER claimed that "Mr. O'Malley" told him that the telephone was to be used solely in relation to the pick up and delivery of the crates. CARTER further claimed that although he and "Mr. O'Malley" had never discussed payment for his services, he expected to be paid $400 to $500.

**Conclusion**

8. Based on the information set forth in this Affidavit, I believe that probable cause exists to believe that on or about March 3, 2004, RYAN CARTER knowingly and intentionally possessed Marijuana with intent to distribute, and that a search of the Target Premises will produce some, if not all of the items

-6-

☙JS 45 (5/97) - (Revised U.S.D.C. MA 2/7/02)

**Criminal Case Cover Sheet**                                **U.S. District Court - District of Massachusetts**

**Place of Offense:**                Category No.  II            Investigating Agency   DEA

City    Boston                   **Related Case Information:**

County  Suffolk                  Superseding Ind./ Inf. _____  Case No. _____
                                 Same Defendant _____          New Defendant  x
                                 Magistrate Judge Case Number    04-M-1007-JGD
                                 Search Warrant Case Number      04-M-1008-JGD
                                 R 20/R 40 from District of _____

**Defendant Information:**
                                                    Juvenile:     ☐ Yes    x No
Defendant Name    Ryan Carter
Alias Name        Mark James, Mark Jones, Mark Jacob, Nigel Smart
Address           53 Tufts Street, Somerville, MA
Birthdate: 6/23/73   SS # _____   Sex: Male   Race: Black     Nationalit  Barbados
**Defense Counsel if known:**   Charles McGinty         Address  Federal Defender's Office
Bar Number   _____

**U.S. Attorney Information:**
AUSA   Dickens Mathieu                     Bar Number if applicable  _____
Interpreter:   ☐ Yes   x No      List language and/or dialect:   N/A
**Matter to be SEALED:**   ☐ Yes   x No

    ☐ Warrant Requested           ☐ Regular Process        x In Custody

**Location Status:**

Arrest Date     March 3, 2004

x  Already in Federal Custody as of     March 3, 2004
☐  Already in State Custody at Plymouth County C.F.     ☐ Serving Sentence     ☐ Awaiting Trial
☐  On Pretrial Release:  Ordered by: _____                on  _____

**Charging Document:**    x Complaint      ☐ Information       ☐ Indictment
**Total # of Counts:**      ☐ Petty _____   ☐ Misdemeanor _____   x Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
    accurately set forth above.

Date:   3/3/04        Signature of AUSA: _____

JS 45 (5/97) (Revised U.S.D.C. MA 2/7/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Ryan Carter

|  | Index Key/Code | U.S.C. Citations<br>Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 USC 952(a) | Possession of Marijuana with intent to distribute | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____

JS-45.wpd - 2/7/02